Manly, J.
 

 The deed of gift, under date of 1819, from John Cruise, Unity Cruise and Caleb L. Nichols, to the plaintiff, then Mary Jane Lee, was sufficient to pass the title to the slaves now in controversy.
 

 This deed has been once before in this Court for construction,
 
 (Nichols
 
 v. Holmes, 1 Jones’ Rep. 360,) and was then upheld as a valid conveyance of the slaves embraced in it. Indeed, upon an examination of the points made on the trial of the case below, we do not find that the question, on the legal effect of that deed, was renewed. It may be assumed, therefore, that the title to the grantee, by virtue of this deed, was originally valid.
 

 
 *254
 
 Unity Cruise, the mother, died in 1847. Mary Jane Lee married, first, Thomas O’Neal, in 1826, who died in 1849. The plaintiff, Mary, is administratrix, both of her mother and her first husband. She became possessed of the slaves immediately after the death of her mother, and has continued in possession (with short intervals stated in the record) until the present time.
 

 Thus,
 
 prima facie,
 
 a right of property in the plaintiff, and a consequent right of possession seems to be clear. The points in defense, made below, rest upon an alleged outstanding title, under a settlement made by the first husband upon trustees for his wife, dated in 1826. . It will be found by a reference to the facts, bearing on this matter of defense, that all that is outstanding of this trust title, is that which may be in the representative of one of the trustees, Elihu Larkins, who died about 1830, and whose representative is not known.
 

 The matter alleged to defeat the operation of the release from the other trustee, Walker, (viz., that there was an adverse possession at the time,) is without foundation to rest upon. The release is made in 1854, to Mary Jane O’Neal, who was at the time in possession of the slaves, claiming them in her own right, and we can see no reason why the instrument did not operate to convey the interest of the trustee and vest it in Mrs. O’Neal, so that as we have before said, there was nothing outstanding of the legal title, except what remained in the unknown representative of Larkins.
 

 We are decidedly of opinion, this outstanding right cannot be made available, by the defendant, as a bar to plaintiff’s recovery.
 

 Defendants do not in any way connect themselves with the title of Larkins, and appear to be mere trespassers and wrongdoers. As against such,'proof of a paramount right of property is not necessary; a naked possession, certainly a right of possession, (connected, as it is in our case, with a beneficial as well as legal interest,) will do. In
 
 Armory
 
 v.
 
 Delamere,
 
 (1 Strange, 504, S. C. Smith’s leading cases, 151,) it was apparent, from the evidence, that the true right of property was
 
 *255
 
 in a third party, but as this property was not connected by authority or transfer with the defendant, judgment was given against him. And in
 
 Rogers
 
 v.
 
 Arnold,
 
 (12 Wendall 87) the same law was applicable to replevin.
 

 This view of the case disposes of the exceptions to the ruling below, upon the first, second and third points of defense. The remaining one, arising upon the plea of the statute of limitations, we do not perceive the force of. There are no proofs for it to rest upon. There has been no possession in the defendants, w*hich could give title or bar a right, and none in any body else that could inure to their benefit.
 

 We think, therefore, the judgment of the Superior Court is correct. The needful rights of possession, and property to support this action as against mere wrong-doers, are found in plaintiffs, and thejr are entitled to their judgment.
 

 Per Curiam,
 

 Judgment affirmed.